UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | |
|---|---|
| LEASING ONE CORPORATION, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 3: 11-35-DCR |
| ) | |
| V. ) | |
| ) | |
| FIDELITY AND DEPOSIT COMPANY ) | **MEMORANDUM OPINION** |
| OF MARYLAND, ) | **AND ORDER** |
| ) | |
| Defendant. ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is pending for consideration of Plaintiff Leasing One Corporation's Motion to Abstain from Exercising Jurisdiction. [Record No. 6] For the reasons that follow, the motion will be granted and the case will be remanded to the Franklin Circuit Court.

**I.    Background**

Leasing One originally filed this case in Franklin Circuit Court as a "Petition for Declaration of Rights" pursuant to the Kentucky Declaratory Judgment Act, Ky. Rev. Stat. ("KRS") § 418. [Record No. 1-3, p. 2] According to the Complaint, Leasing One purchased an insurance policy from Fidelity. Subsequently, Leasing One entered into five separate lease agreements with Equipment Acquisition Resources, Inc. ("EAR") which purported to be in the semiconductor manufacturing equipment sales and servicing industry. However, Leasing One claims that EAR was an illegitimate corporation that kept false records and promised equipment it did not actually have. Leasing One claims that the equipment leases were unauthorized and

signed with forged signatures. Leasing One then filed a claim with Fidelity under the policy. However, Fidelity denied coverage.

On April 29, 2011, Leasing One filed a declaratory judgment action in state court seeking a declaration that its losses were covered by the insurance contract and that Fidelity must reimburse it for its losses. On June 1, 2011, Fidelity timely removed the case to this Court. On June 16, 2011, Leasing One moved the Court to refrain from exercising its discretionary jurisdiction over this action.

## II.     Legal Analysis

The Declaratory Judgment Act, 28 U.S.C. § 2201, "confer[s] on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). In other words, the Act "confers discretion on courts, not rights on litigants." *Am. Home Assurance Co. v. Evans*, 791 F.2d 61, 64 (6th Cir. 1986) (citing *Green v. Mansour*, 474 U.S. 64 (1985)). Thus, even when the Court may otherwise exercise jurisdiction over a declaratory judgment action, it is "under no compulsion" to do so. *Wilton*, 515 U.S. at 278.

Leasing One has moved the Court pursuant to its unique discretion under the Declaratory Judgment Act to abstain from exercising jurisdiction over this case. In response, Fidelity has advanced three arguments. First, Fidelity argues that Leasing One waived the right to challenge removal because it did not object to removal on procedural grounds. Second, Fidelity argues that jurisdiction is not discretionary because Leasing One's complaint contains claims for breach of contract and money damages over which jurisdiction is mandatory. Finally, Fidelity argues that

equitable considerations support exercising jurisdiction. However, the Court does not find Fidelity's arguments persuasive, and believes the equitable considerations counsel against the exercise of jurisdiction over this case.

> **A. The Court Has Discretion Whether to Exercise Jurisdiction Over Removed Actions**.

As an initial matter, this case is procedurally distinct from many federal Declaratory Judgment Act cases. It was filed pursuant to Kentucky's state declaratory judgment statute, KRS § 418.065, and removed to federal court. Thus, as one court explained, "an issue arises as to whether a federal district court has the same discretion to abstain in the context of a removed state-court declaratory judgment action as it does in the context of a federal declaratory judgment action under 28 U.S.C. § 2201." *National Union Fire Ins. Co. v. Rodriguez*, No. 03-74442, 2004 WL 3257089, at *9 (E.D. Mich., Feb. 12, 2004). In *National Union*, the court held that the discretionary standard that governs federal declaratory judgment actions applies to removed cases brought under a state declaratory judgment statute. *Id.* Other courts have reached similar conclusions. *See Golden Eagle Ins. Co. v. Travelers Cos.*, 103 F.3d 750, 755 (9th Cir. 1996) ("The fact that the case originated in state court and was removed to federal court does not alter the district court's unique statutory discretion under the Declaratory Judgment Act."); *Bland v. Southline Steel Indus.*, No. 1:08-161, 2008 U.S. Dist. LEXIS 101855, at *5 n.1 (W.D. Ky., Dec. 15, 2008) (explaining that the court "applies 'federal law governing discretion in entertaining declaratory judgment actions even though the action was originally brought under a state declaratory judgment statute and removed to federal court based on diversity'" (quoting *WBS Connect, LLC v. One Step Consulting, Inc.*, No. 07-00514, 2007 U.S. Dist. LEXIS 91739, at *8

n.5 (D. Colo., Nov. 30, 2007))).[1] Thus, even though this action was commenced under the Kentucky declaratory judgment statute, the Court relies on the broad discretion granted to it in the federal act.

> **B. The Court May Exercise That Discretion Even When Removal is Otherwise Proper.**

Fidelity argues that Leasing One somehow waived its right to move the Court to abstain because it did not technically object to remand. [Record No. 9, p. 3 ("Leasing One's Motion to Abstain should be denied because Fidelity properly removed this case to Federal Court."); p. 4 ("[T]here is no question that the matter was properly removed.")] This argument misses the nature of Leasing One's request and the prevailing law on abstention. The Supreme Court has explained that district courts have discretion "in determining whether and when to entertain an action under the Declaratory Judgment Act, *even when the suit otherwise satisfies subject matter jurisdictional prerequisites*." *Wilton*, 515 U.S. at 282 (emphasis added). In other words, the fact that Fidelity's removal was procedurally proper, or even that the parties are in fact diverse, does not preclude the Court's discretion to abstain. *See Jordan Ice Co. v. Grange Mut. Cas. Co.*, No. 06-142, 2006 WL 3497767 (E.D. Ky., Dec. 4, 2006) (denying motion to remand because jurisdiction was proper, but nevertheless abstaining from exercising jurisdiction over declaratory judgment action); *see also DeFeo v. Procter & Gamble Co.*, 831 F. Supp. 776, 779 (N.D. Cal.

---

1    The *Bland* court provided the underlying justification for why the federal standard applies despite the case being brought pursuant to state law. The court explained that "[d]eclaratory judgment acts are procedural rules" and thus, under the *Erie* doctrine, federal, not state, law governs. *Bland*, 2008 U.S. Dist. LEXIS 101855, at *5 n.1; *see also First Nationwide Mortg. Corp. v. FISI Madison, LLC*, 319 F. Supp. 2d 669, 672 (D. Md. 2002) ("The Declaratory Judgment Act is a procedural statute that creates no substantive rights.").

1993) ("The Declaratory Judgment Act is implicated even in diversity cases, whether an action is originally filed in federal court or is *properly removed there* by defendant." (emphasis added)). Thus, even though the Court recognizes that removal was procedurally proper and subject matter jurisdiction otherwise exists, it must still consider whether to exercise its discretionary jurisdiction under the Declaratory Judgment Act.

### C. Leasing One's Complaint Contains Only a Claim for Declaratory Judgment.

Fidelity next argues that Leasing One's complaint contains claims over which "the court may not decline to exercise jurisdiction." [Record No. 9, p. 5] Fidelity cites to a number of cases where courts have explained that they do not have discretion to abstain from exercising jurisdiction over complaints which contain *both* declaratory judgment and non-declaratory judgment claims. [*Id.* (citing *Knowlton Const. Co. v. Liberty Mut. Ins. Co.*, No. 07-0748, 2007 U.S. Dist. LEXIS 80605 (S.D. Ohio, Oct. 31, 2007); *Farris v. State Farm Ins. Co.*, No. 07-2477, 2008 U.S. Dist. LEXIS 30154 (N.D. Ohio, Apr. 14, 2008))] However, a perfunctory glance at Leasing One's Complaint reveals that it pleads a single claim — a "claim for declaratory judgment." [Record No. 1-3, p. 8] As Fidelity points out, in *Knowlton*, "Knowlton's complaint also *pled* claims of breach of contract and bad faith and sought damages on both claims." [Record No. 9, p. 6 (emphasis added)] In *Farris*, the plaintiff argued that the insurance company "breached the terms of the settlement agreement" and "had shown bad faith." *Farris v. State Farm Ins. Co.*, 617 F. Supp. 2d 654, 657 (N.D. Ohio 2008). Farris also demanded punitive damages of $ 500,000. Neither of those cases are comparable to the present action. Leasing One did not plead a breach of contract claim or a claim of bad faith. Instead, it pled a solitary claim

for declaratory judgment, and that is a claim over which the Court has discretion in exercising its jurisdiction.

The fact that Leasing One included a "value" of the declaratory judgment — $ 2,248,253.00 — does not convert its claim into one for money damages. *See Reliance Ins. Co. v. Liberty Mut. Fire Ins. Co.*, No. 92-71988, 1992 U.S. Dist. LEXIS 21438, at *13-14 ( E.D. Mich., Dec. 23, 1992) ("[T]he fact that plaintiff seeks money damages in their claim for declaratory relief does not preclude this Court from exercising its discretion under the Declaratory Judgment Act."). In fact, all declaratory judgment claims must be assigned a value to ensure they meet the $ 75,000 threshold for diversity actions. *See Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977). In its prayer for relief, Leasing One does not request a judgment in the amount of $ 2,248,253. It only requests a "declaration as to whether the Policy provides coverage for Leasing One's losses." [Record No. 1-3, p. 10] A declaratory judgment, even with a monetary "value" attached, is not the same as a claim for money damages over which jurisdiction would be mandatory.

Likewise, Leasing One's "reservation of rights" does not amount to an independent claim. First, Leasing One reserved rights which may be available "[p]ursuant to KRS 418.040, 418.045, and 418.055." [Record No. 1-3, p. 10] Thus, it only reserved rights that would be available under Kentucky's declaratory judgment statute. It does not, as Fidelity argues, "reserv[e] its right to bring any other claims against Fidelity under Kentucky law, which would include a breach of contract claim." [Record No. 9, p. 5] Second, and more importantly, the reservation of rights is not a cognizable, independent claim. Certainly, a complaint which included only that

clause would not state a cause of action. The Court need not examine what *could* be later filed or how a complaint *could* be later amended pursuant to Rule 15. It only examines the "well pleaded complaint." *Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 914 (6th Cir. 2007). Here, the Complaint contains a single claim for declaratory judgment. And the decision whether to hear that claim is committed to the "unique and substantial discretion" of the district court. *Wilton*, 515 U.S. at 286.

### D. A Consideration of the *Grand Trunk* Factors Weighs in Favor of Remand

The Sixth Circuit has identified five factors, first articulated in *Grand Trunk Western Railroad Co. v. Consolidated Rail Corp.*, 746 F.2d 323 (6th Cir. 1984), which guide a district court in determining whether to exercise its discretionary jurisdiction under the Declaratory Judgment Act. Those factors include:

(1) whether the declaratory action would settle the controversy;

(2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue;

(3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing or to "provide an arena for a race for res judicata;"

(4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and

(5) whether there is an alternative remedy which is better or more effective.

*Id.* at 346 (formatting altered). However, this list is not exhaustive. "[T]he Court must make a full inquiry into all relevant considerations." *Brotherhood Mut. Ins. Co. v. United Apostolic Lighthouse, Inc.*, 200 F. Supp. 2d 689, 692 (E.D. Ky. 2002).

In this case, the first three factors weigh in favor of exercising jurisdiction. The case is limited to a coverage dispute, and a declaration of whether Leasing One's losses are covered would therefore settle the controversy. *See Jordan Ice Co.*, 2006 WL 3497767, at *4 ("[A]ssuming the Court would ultimately be able [to] adjudicate the matter in favor of one party – *i.e.*, coverage or no coverage – this determination would dispose of the declaratory judgment action."). Likewise, the result would usefully clarify the legal relations of the two parties. *Id.* Further, neither side has presented any evidence of "procedural fencing," so while the third factor is not particularly influential on this analysis, it does lightly tip in favor of exercising jurisdiction. Thus, the first two factors counsel in favor of exercising jurisdiction and the third factor minimally balances toward the exercise of jurisdiction as well.

The fourth and fifth factor, however, are the most relevant in the Court's analysis of this case. When a court considers whether to accept jurisdiction over a case like this, "competing state and federal interests weigh in the balance." *Adrian Energy Assoc. v. Mich. Pub. Serv. Comm.*, 481 F.3d 414, 421 (6th Cir. 2007). In considering the fourth factor — whether the action would cause friction between state and federal courts — the Sixth Circuit has provided three additional sub-factors to consider:

> (1)     whether the underlying factual issues are important to an informed resolution of the case;
>
> (2)     whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and
>
> (3)     whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

*Bituminous Cas. Corp. v. J & L Lumber Co., Inc.*, 373 F.3d 807, 814–15 (6th Cir. 2004) (citing *Scottsdale Ins. Co. v. Flowers*, 211 F.3d 964, 968 (6th Cir. 2000)).

First, the underlying factual issues are very important to a determination of this dispute. The policy provides coverage for documents procured by "Unauthorized Signature or Alteration." [Record No. 6-1, p. 4] Leasing One is claiming that the EAR leases were signed with forged signatures. The parties dispute whether the forgeries or the non-existent collateral was the proximate cause of Leasing One's losses. These considerations represent factual questions that are central to an informed resolution of this case.

Second, the state trial court is in a better position to resolve these issues. "[T]he issue of insurance contract interpretation" is a "question[] of state law with which the Kentucky state courts are more familiar and, therefore, better able to resolve." *Bituminous*, 373 F.3d at 815. Because this case centers solely on insurance contract interpretation, the Kentucky state courts are in a superior position to resolve the dispute. Likewise, the Kentucky courts are in a "better position to evaluate the factual issues because they [rest] solely on state law with which the state courts are better acquainted." *Id.* at 816.

Further, the insurance controversy in this case "requires a ruling on previously undetermined questions of state law." *Id.* According to Leasing One, Kentucky Courts have not: (i) defined many of the policy terms at issue in this case; or (ii) determined the extent to which an insured must prove that its loss was the result of a forgery as opposed to nonexistent collateral. [Record No. 6-1, p. 9] Where Kentucky courts have not yet definitively spoken on

an issue of state law, this consideration weighs against exercising jurisdiction. *Bitmunious*, 373 F.3d at 816.

As to the third sub-factor, these issues and questions are intricately related to state law and public policy. "States regulate insurance companies for the protection of their residents, and state courts are best situated to identify and enforce the public policies that form the foundation of such regulation." *Id.* at 815 (quoting *Allstate Ins. Co. v. Mercier*, 913 F.2d 273, 279 (6th Cir. 1990)). This case clearly relates to the state public policy of regulating insurance contracts. On the other hand, the case was removed pursuant to diversity jurisdiction and thus implicates no federal statutory law. While the state interests in adjudicating this dispute are strong, it bears no relation to federal common or statutory law. In summary, all three of the *Scottsdale* sub-factors weigh against exercising jurisdiction over this dispute.

The final factor likewise weighs against the exercise of jurisdiction. As this case was originally filed in state court, Kentucky obviously provides a procedure for adjudicating the rights of the parties. *See* KRS § 418.040. "Given that the issues presented involve questions of state law only, the state court is also in a superior position to resolve the case." *Bitmunious*, 373 F.3d at 816. Courts "question the need for . . . declaratory judgments in federal courts when the only question is one of state law and when there is no suggestion that the state court is not in a position to define its own law in a fair and impartial manner." *Am. Home. Assurance Co.*, 791 F.2d at 63. The same concerns are implicated in the case at hand: this case is centered on Kentucky law and ought to be resolved by Kentucky courts. Therefore, this final factor also weighs against exercising jurisdiction.

The Sixth Circuit has not provided a precise formula for balancing the *Grand Trunk* factors. In this case, the first three factors weigh in favor of exercising jurisdiction, while the fourth and fifth factors – expressing "considerations of comity," *id.* – weigh heavily against. In *Jordan Ice*, the court was confronted with the same split. 2006 WL 3498867, at *5. There the court found that the latter factors predominated and declined to exercise jurisdiction. *Id.* The Court will follow that lead. In this case, the fourth and fifth factors – which together consider the need: (i) for comity between the courts; (ii) to avoid encroaching on state jurisdiction; and (iii) to avoid answering unanswered questions of state law that implicate important state public policies – outweigh the others. Thus, the Court will abstain from exercising jurisdiction over this action for declaratory relief and remand to the state court.

**III. Conclusion**

After weighing all of the relevant considerations, it would be improper to exercise jurisdiction over this removed declaratory judgment action. Thus, the Court will abstain and remand the case to the Franklin Circuit Court for adjudication of the issues presented. Accordingly, it is hereby

**ORDERED** as follows:

1. Plaintiff Leasing One Corporation's Motion to Abstain [Record No. 6] is **GRANTED**.

2. This case is **REMANDED** to the Franklin Circuit Court, where it was originally filed.

3. This action is **STRICKEN** from the Court's active docket.

This 25th day of August, 2011.


Signed By:
Danny C. Reeves   DCR
United States District Judge